Schneider v. Montegari. So, thank you. So, Mr. Preziosi. Yes, Your Honor. Good morning. You have five minutes, so let me just give us all a chance to just get ourselves situated. Okay, you may proceed. Good morning, Your Honor. May it please the Court. My name is Steven Preziosi, and I represent Mr. Joseph Schneider, who is requesting a certificate of appealability from the denial of a habeas petition. Your Honor, the standard under 2253 is that we must make a substantial showing of the denial of a constitutional right, and I submit that Mr. Schneider has done that because it is clearly established federal law, as determined by the U.S. Supreme Court, that one state may not impose its laws in a sister state's jurisdiction. Well, it's not imposing its laws. I mean, this is the sort of the where the listening post is, right? And I mean, even the Second Circuit has recognized that if the listening post is in New York, then it's permissible to listen to the conversations, even if the other side of the conversation is in a different state. Haven't we already covered this as a circuit? As a circuit, yes. The Supreme Court hasn't, though it has in its dicta. There's an important distinction, Judge. The distinction is that between the authority under the Title III's enabling statute for federal judges and the enabling authority for state judges. We have two distinct statutes. It's 18 U.S.C. Section 2516, Sub 1 gives authority to federal judges, and Sub 2 gives authority to state judges, and that authority is very different. There is both, for federal judges, there is both express and inferential authority that a federal judge may issue a eavesdropping warrant outside of the geographic jurisdiction. No such authority exists under 2516, Sub 2, the enabling statute for state judges. And what we have here- Well, has any court ever held that? Held- Held, you know, agreed with you at the point you're arguing. Well, this is, it's a, it's a new issue, Judge, so it, no. Well, people have- So the question is no. Moved to express wiretaps before, and have, it seems to me, have argued similarly to what you're saying here, but certainly, I'm not aware of any case where a court has said that. Well, only 12 states have addressed this issue, Judge, including New York. So it's not widely, I'm talking about state authorities, not federal authorities, have addressed this particular issue as to whether or not a state judge may issue an order wiretapping a phone outside of his jurisdiction. And what they have held is this, is that where there is some nexus with the jurisdiction, where the phone calls are being made back and forth from within the jurisdiction to without, they may issue that warrant. This case is factually distinct because the phone calls were all began and ended outside of the state of New York, and there was no factual nexus. But they were all monitored in the state of New York, right? They were, the listening post rule was applied. Right. I mean, look, I mean- And here's the- The reality is that now with cell phones, people, you know, you don't know where they are. They could be anyplace. You know, that's, it's the nature of telecommunications in the 21st century. Yeah. The argument is this, Judge, that the design of the enabling statute allows each state, permits each state to design their eavesdropping laws as their legislature sees fit. California says you cannot eavesdrop on gambling cases, and this is a gambling case, and it says you may not eavesdrop on our citizens without a joint investigation with California legal authorities. That means in order to, you can wiretap on a California cell phone, but you must go through the process. You must go before a California judge and apply and have that reviewed. That was denied Joseph Schneider. They never did that. This listening post rule denies the design- Presumably you have to then go to every state because you never know where people are going to be with cell phones, right? He was only in one state, Judge. He was in the state of California. But the nature of cell phones is people can use those phones no matter where they are. They could, they could move anywhere in the country or the world and still be on a cell phone, right? Yes. And be subject to a wiretap, right? Yes, as per the design of the statute, Judge. Mr. Schneider was designed to, was denied due process because California law requires that in order to wiretap a citizen's, a California citizen's phone, you must go before a California judge. That is the design of the enabling statute that each state is permitted to design their laws as they see fit. And that's what California law says. He was entitled to that due process and he was designed, he was denied that due process. Your Honor, I just want to mention the, the, the threshold question of whether or not a lower court's decision. Right, that is the statement, right. The, the, and I see I'm just about to expire, Judge, but I might have 30 seconds. Go ahead. Uh, Judge, the lower court, I, I believe framed the question too narrowly, is whether or not the U.S. Supreme Court has denied, they framed it as whether or not the U.S. Supreme Court has decided the listening post rule. And I think the, the question is broader than that. It is whether or not one state may impose its laws within the jurisdiction of a sister state. That is the, that is the issue of whether or not due process was denied. Mr. Schneider was entitled to due process. California law says so. And he was denied it. If there are no further questions. Thank you very much, Mr. Preziosi. We'll now hear from Mr. Dennehy. Good morning, Your Honors. Morgan Dennehy, officer of the Kings County District Attorney, for the respondent. Defendant's motion for a certificate of appealability should be denied because he has not made a substantial showing of the denial of a constitutional right. The District Court got this exactly right. The defendant did not identify, nor can he identify, because it doesn't exist, a Supreme Court case that supports his argument that the New York State eavesdropping statute is unconstitutional. The Supreme Court has not addressed the issue, whether or not New York or another state, has not addressed the constitutionality of the listening post rule, which is at issue in this case. So therefore, it's quite simple. He's not entitled to habeas relief under AEDPA if he can't meet that standard. And in this case, he did not meet that standard. So the denial of his habeas petition was correct, and it doesn't warrant review by this court. So how would it get up to the Supreme Court? Just a direct appeal that, I mean, I'm trying to think then what would be the way that the Supreme Court would ever reach this question? Well, in this particular case, for instance, it went to the state's highest court, the New York Court of Appeals, who rejected the defendant's claims. The defendant filed a cert petition in the United States Supreme Court. That's one way it could have went up. They denied the cert petition. So there are ways that the Supreme Court could address this. And even if the Supreme Court took this court's case in the United States v. Rodriguez, 1992 decision, that's another way that the Supreme Court could have passed on. Granted, they would be reviewing the propriety and constitutionality of that statute, but it's similar as New York's statute is based upon the federal analog. And with respect to any kind of merits arguments, I'm happy to go into them. But really the threshold question here is whether or not the decision of the New York Court of Appeals was contrary to an unreasonable application of Supreme Court precedent. And because there is no Supreme Court precedent, as the district court correctly found, the defendant is not entitled to habeas relief under AEDPA. And I think the inquiry begins and ends right there. But if the court has any questions about the merits or any of the comments or arguments that counsel made regarding his allegation that somehow New York law was applied in California, which is completely false, I'm happy to address them. All right. I see no questions. So we will reserve